IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE BLACK | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| SOUTHEASTERN PENNSYLVANIA | : |
| TRANSPORTATION AUTHORITY | : NO. 05-3411 |

**MEMORANDUM AND ORDER**

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE           October   3   , 2006

  The Defendant has filed a Motion in Limine to Preclude Opinion Testimony regarding the Qualifications of Applicants for the NSS Position.  The Plaintiff has proffered the testimony of co-workers that they considered him the most qualified for the position.  The Defendant contends that the opinions of the co-workers regarding the qualifications of the applicants is irrelevant.  We agree.

  There is absolutely no evidence in the record that the co-workers whose testimony is proffered made the decision-makers aware of their opinions.  The court will not sit as some type of appellate human resources department.  There is no indication that the evidence which Plaintiff now proffers in support of his ability to perform the Network Specialist job was presented to the three decision-makers at the time.  Similarly, there is no evidence that Mr. McCann ever made the decision-makers aware of his disdain for Mr. Tran's abilities.

  In short, the opinions of Plaintiff's co-workers are irrelevant.  "It is the perception of the decision maker which is relevant."  Schaffner v. Glenco Park Dist., 256 F.3d 616, 622 (7th Cir. 2001)(quoting Dale v. Chicago Tribune Co., 797 F.2d 458, 464-65 (7th Cir. 1986)).  Barring evidence that the decision makers were made aware of the co-workers' opinions regarding Plaintiff's abilities and qualifications, their testimony on the subject is irrelevant to the decision-

making process.

To the extent the Defendant seeks to exclude testimony from Plaintiff's Septa co-workers concerning his experience at another job, the Plaintiff has informed the court that he will be presenting such evidence through his own testimony and a supervisor at his other job. Therefore, with respect to that issue, the Motion is moot.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE BLACK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY | : | NO. 05-3411 |

## O R D E R

AND NOW, this 3rd day of October, 2006, upon consideration of the Defendant's Motion in Limine to Preclude Opinion Testimony Regarding the Qualifications of Applicants for the NSS Position, the response, thereto, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is GRANTED IN PART. To the extent the Defendant sought to exclude testimony from co-workers regarding Plaintiff's qualifications or the qualifications of the other candidates, the Motion is GRANTED. To the extent the Defendant sought to exclude testimony from Septa co-workers regarding Plaintiff's experience at another employer, the Motion is DISMISSED AS MOOT.

BY THE COURT:

/s/Jacob P. Hart

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE