IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE BLACK | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| SOUTHEASTERN PENNSYLVANIA | : |
| TRANSPORTATION AUTHORITY | : NO. 05-3411 |

**MEMORANDUM AND ORDER**

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                         October    3   , 2006

      Septa has filed a Motion in Limine to Preclude Hearsay Testimony involving Statements made by Michael Snee regarding Lan Tran. Specifically, Portia Brister, Charles Crudele, and Albert McCann stated at their depositions that Mr. Snee, who was in charge of Network Services at the relevant time, had stated that he wanted Lan Tran to get the open Network Services position and intended for Tran to get it. (Brister Dep., at 22; Crudele Dep., at 16; McCann Dep., 43-45). The Defendants argue that the prejudice that Septa would suffer by the admission of these statements outweighs the probative value.[1]

      At first glance, the Defendant's argument had appeal because there was no evidence that any decision-maker was aware of Mr. Snee's desire. Thus, the Plaintiff had failed to establish any relevance of a non-decision maker's opinion. However, in response to the Motion, the Plaintiff has attached a statement by Michael Bazis, one of the interviewers and the man to whom the Network Specialist would report. Mr. Bazis states that, prior to the interview, he knew that "they wanted Lan Tran over anyone else." Mr. Snee's statements evidence that statement. Thus, we believe the statements are relevant.

---

[1] We note that, although the caption of the motion uses the term "hearsay," no argument is made in that regard. We would reject such an argument in any event. Even if offered for the truth, Snee's statements are admissions by a party opponent.

As for prejudice, the Defendant states, "the prejudice to SEPTA if these witnesses area [sic] allowed to testify about what they heard a nondecisionmaker state will only give a jury a reason to disbelieve SEPTA's legitimate nondiscriminatory reasons for hiring Tran and then Frank Saraceno." Motion, at 3. This is exactly why the evidence is probative. Once the burden shifts back to the Plaintiff after the Defendant has articulated a legitimate, non-discriminatory basis for its decision, the Plaintiff must present evidence, direct or circumstantial, from which a fact-finder could reasonably either (1) disbelieve the employer's reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). Evidence that Lan Tran was the preferred candidate, even before the interviews took place, is clearly probative on the issue of whether the interviewing process was unbiased.

The Motion will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE BLACK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY | : | NO. 05-3411 |

**O R D E R**

AND NOW, this 3rd day of October, 2006, upon consideration of the Defendant's Motion in Limine to Preclude Hearsay Testimony involving Statements made by Michael Snee regarding Lan Tran, the response, thereto, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is DENIED.

BY THE COURT:

/s/Jacob P. Hart

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE