IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EUGENE BLACK                          :    CIVIL ACTION
                                      :
        v.                            :
                                      :
SOUTHEASTERN PENNSYLVANIA             :
TRANSPORTATION AUTHORITY              :    NO.  05-3411

### MEMORANDUM AND ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE            October    3    , 2006

The Defendant has filed a Motion in Limine to Preclude Testimony Regarding the

Qualifications of the Network Specialist position.  Specifically, the Defendant seeks to preclude

testimony from Portia Brister, Charles Crudele, and Albert McCann, in which they state that

mainframe experience is essential for the position.  The Defendant contends that a certain

mainframe experience was recommended, but this aspect of the job had been de-emphasized

because of the shift to a PC base of operations.  Because we find that the testimony of these

individuals is irrelevant to the position as it would be performed by the newly-hired Network

Specialist, we will grant the motion.

The Plaintiff argues that the experience of the three individuals is relevant to the

determination of the job duties of the Network Specialist:  Ms. Brister was a Network Specialist

at the time; Mr. Crudele had been a Network Specialist for seven years; and Mr. McCann had

previously supervised the position.  Despite the experience of these individuals, the Defendant

draws the court's attention to a decision from the Honorable Jan Dubois of this court, Conine v.

SEPTA, 2005 WL 639733 (E.D. Pa. Mar. 17, 2005).  In considering a gender discrimination

claim, Judge Dubois noted that "[a]n employer is permitted to decide which job criteria are

important and to determine what skill set is most appropriate for a given position."  Conine

(citing <u>Brenner v. Harleysville Ins. Co.</u>, 2002 WL 31185758 *8 (E.D. Pa. Sept. 30, 2002)(Waldman, J.)).

Here, there is evidence (from Ms. Brister) that Septa had begun changing to a PC environment two years prior to filling this Network Specialist position.  (Brister Dep., at 26). Thus, it is clear that the job was evolving.  Mr. Crudele left the Network Specialist two years earlier.  (Crudele Dep., at 26).  Thus, he was not familiar with the position as it was being performed in 2000.  Similarly, Mr. McCann was not supervising the position during the relevant time period.

We suspect the Plaintiff will introduce the job posting, which noted the need for certain mainframe experience.  However, evidence from witnesses who had out-dated knowledge of the job or lacked the vision of the position in the future is irrelevant to the job criteria listed by Septa.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EUGENE BLACK                                :     CIVIL ACTION

                                            :

            v.                              :

                                            :

SOUTHEASTERN PENNSYLVANIA                   :

TRANSPORTATION AUTHORITY                    :     NO.  05-3411


## O R D E R

        AND NOW, this      3rd       day of October, 2006, upon consideration of the

Defendant's Motion in Limine to Preclude Testimony Regarding the Qualifications for the NSS

Position, the response, thereto, and for the reasons stated in the accompanying Memorandum, IT

IS HEREBY ORDERED that the Motion is GRANTED.



                                BY THE COURT:



                                /s/Jacob P. Hart

                                _____

                                JACOB P. HART

                                UNITED STATES MAGISTRATE JUDGE