IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EUGENE BLACK                 :   CIVIL ACTION
                                       :
        v.                     :
                                         :
SOUTHEASTERN PENNSYLVANIA     :
TRANSPORTATION AUTHORITY       :   NO.  05-3411

### MEMORANDUM AND ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE          October    3    , 2006

       The Defendant has filed a Motion in Limine to preclude certain testimony anticipated

from Portia Brister, an employee of Septa.  According to Ms. Brister's deposition, she spoke with

Jacqueline Dicks and Michael Bazis after the interviews for the Network Services Specialist had

taken place.  Ms. Brister testified that both Ms. Dicks and Mr. Bazis made statements that they

couldn't understand why Mr. Black was not selected for the position.  (Brister Dep., at 31).  The

Defendant argues that the statements made by Ms Dicks and Mr. Bazis were not made within the

scope of their employment.  Thus, they cannot be admissions by a party-opponent.

       We first note that we don't understand why there is any controversy concerning the

statement made by Ms. Dicks.  The undisputed evidence is that Ms. Dicks ranked the Plaintiff

first out of all of the interviewees.

       More importantly, however, we believe that the statements fall into the 801-party

opponent exception to the hearsay rule.  Rule 801(d)(2)(D) provides that a statement is not

hearsay if the statement is made "by the party's agent or servant concerning a matter within the

scope of the agency or employment, made during the existence of the relationship."  The

Defendant contends that because the comments made by Ms. Dicks and Mr. Bazis were made

during casual conversations, they were not acting within the scope of their employment when

making the statements.

In support of its position, Septa cites cases that a review of the context in which the statement is made is crucial to the 801(d)(2)(D) determination.  See Starling v. Cronin, 2002 WL 23896 *2 (N.D. Ill. Jan. 7, 2002)(attorney was not acting as client's agent when making a casual statement in hallway of the courthouse); Moody v. Township of Marlboro, 885 F.Supp. 101, 104 (D.N.J. 1995)(attorney's casual statement to opposing counsel during a break in a deposition was inadmissible hearsay).  The Defendant attempts to cast the conversation between Ms. Brister and Mr. Bazis in the light of Starling and Cronin: a casual conversation during a break, outside the place of business.  Ms. Brister stated that the conversation with Mr. Bazis was probably just outside the building when the two went outside during business hours to smoke.

We reject the Defendant's argument.  Although Ms. Brister did not specifically remember details about the conversations, it is clear that she spoke with the decision-makers, during company time, at their place of business, about their opinions concerning the interviews.  Their responses are clearly admissions of a party opponent.  Unlike the lawyers in Starling and Cronin, in the circumstances Ms. Brister describes, Mr. Bazis was speaking as a representative of Septa.  In fact, his position – the supervisor of the NSS position –  is exactly why Brister and Bazis were discussing the interviews.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EUGENE BLACK                    :     CIVIL ACTION
                                      :
        v.                         :
                                      :
SOUTHEASTERN PENNSYLVANIA    :
TRANSPORTATION AUTHORITY       :     NO.  05-3411

**O R D E R**

      AND NOW, this      3rd      day of      October               , 2006, upon

consideration of the Defendant's Motion in Limine to Preclude Hearsay Testimony involving

Statements made by Bazis and Dicks, the response, thereto, and for the reasons discussed in the

accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is DENIED.


                                      BY THE COURT:


                                      /s/Jacob P. Hart


                                   _____
                                   JACOB P. HART
                                   UNITED STATES MAGISTRATE JUDGE